Gowdy & Co.
*vs*
Lyon, &c.

*E. H. Hopkins* for appellant; *J. & W. L. Harlan* for appellees.

Chancery.

Case 36.

January 8.

Case stated.

A carrier who receipts for goods

## Gowdy & Co. *vs* Lyon, &c.

APPEAL FROM THE LOUISVILLE CHANCERY COURT.

*Carrier. Bailments. Bills of Lading. Mistakes.*

JUDGE BRECK delivered the opinion of the Court.

IN August, 1847, the owners of the steam boat Gondelier, received at Pittsburg, nine boxes of merchandize belonging to the plaintiffs in error, and by their authorized agent, executed a bill of lading in the common form, acknowleding that the articles were "shipped in good order and well conditioned," and stipulating for their delivery without delay, "in like good order," at the port of Louisville, (the dangers of the river navigation and fire excepted,) to Messrs. A. Gowdy & Co., the plaintiffs in error.

The boxes were delivered, apparently in good order; but when opened, it was discovered that the contents of some of them were damaged by having been wet. The extent of the damage was ascertained by merchants who were called on for the purpose; and the owners of the boat being non-residents, this suit in chancery was brought, and the boat attached, to obtain compensation for the injury.

The defendants resisted the claim, upon the ground, that the goods if damaged, had been injured before they were received on board their boat, and not during the time they were in their possession and under their care. This defence, if admissible, they· have conclusively established by the testimony in the cause.

Their right to make this defence, is the main question presented, and depends upon the legal effect of the bill

of lading which they executed. If it be conclusive evidence, not only of the external appearance and condition of the boxes, but of the quality and condition of their contents also, then as it could not be contradicted, unless there had been found a mistake, the defence would be clearly inadmissible.

As the exterior and apparent condition of boxes can be ascertained, and as the carrier is guilty of negligence who fails to make the necessary examination for this purpose, the law does not permit him to contradict the admissions on this subject contained in the bill of lading executed by him.

But as the contents of boxes are not open to inspection, and as without the slightest imputation of negligence, he might execute a bill of lading in the usual form, when in reality the contents of the boxes were greatly damaged, the bill of lading should not have the effect of precluding him from proving this fact, and showing that the damage did not occur whilst the goods were in his custody.

The adoption of the principle, that the bill of lading is conclusive on the carrier, not only as to the apparent, but also as to the actual condition of the goods, would impose on him the necessity, for self protection, of opening every box of merchandize, to examine and ascertain the condition of its contents, before he receives it. This would not only be inconvenient, but impracticable on the part of steam boat owners, on account of the vast carrying business on the rivers. The injury that would be inflicted on the owners of freight, by the process that it would be subjected to in consequence of such a requisition, is also a cogent argument against it.

The bulk of every package would have to be broken up and examined, and the contents of every box of merchandize of the most delicate texture opened and handled, before a bill of lading could be safely signed. Public policy, therefore, prohibits a rule which would be productive of such results, and which instead of benefitting, would inflict an injury upon the community.

In the construction of a contract evidenced by a bill of lading, reference must be had to the subject matter.

---

*Margin notes:*

Gowdy & Co.
vs
Lyon, &c.

in boxes as in good condition, is not estopped to show that they were in fact damaged before they came into his possession.

Public policy & the convenience of transportation forbids that all boxes, bales, &c. should be opened and inspected before receipted for by carriers.

Here the articles received were such, that the quality and condition of the contents, must have been unknown to the shipper, except so far as they were indicated by the external appearance of the boxes. The admission then, that they were shipped in "good order and well conditioned," should be considered as referring to the exterior and apparent condition, and to the internal only so far as it might be inferred from external appearances. Giving this interpretation to the bill of lading, although parol testimony to disprove the express admission would be excluded, yet it would be admissible to repel the implication as to the quality and condition of the goods, which arises out of the admission of the external condition of the boxes. This would violate no rule of evidence, and at the same time do justice to the parties, by putting a reasonable construction upon the bill of lading.

The carrier may show a mistake or a fraud likewise in opposition to the recital in the bill of lading that the goods were in good order and condition. (Abbott on Shipping, top page, 401; 6 Watts, 429;— Chitty on Con., 481.)

But if the admission in the bill of lading be construed to apply to the condition of the goods, the shipper may show that it was made by mistake, or procured by fraud. As he is not required to examine the inside of a box or package, and therefore is not guilty of negligence in failing to do it, he is not precluded from proving that the consignor and himself acted under a mutual mistake. It was so held in the Supreme Court of Pennsylvania, in the case of *Warden* vs *Greer*, (6 *Watts'* *Rep.*, 424) And a similar doctrine is recognized in *Abbott on Shipping*, *by Shee*, *top page*, 401, *and Chitty on Contracts*, 481, *a. note* 1, *edition of* 1844.)

It is contended, however, that the allegations in the answer of the defendants is insufficient to enable them to rely upon a mistake in signing the bill of lading. They do not expressly allege a mistake, but they aver all the facts necessary to show that a mistake existed. They allege that when the goods were shipped, the boxes were apparently in good order, and the officers of the boat had no knowledge, nor even a suspicion that they were not so. That the goods had been on the Pennsylvania Canal before they were shipped on their boat, and if they were damaged, it was done on said canal or elsewhere, before they received them, and not

during the time they were under their care.  Having thus alleged facts evincing the existence of a mistake, the omission to allege in express terms that there was a mistake, is immaterial.

Wherefore, the decree dismissing the bill, is affirmed.

*Guthrie & Tyler* for appellants; *Pirtle & Speed* for appellees.